# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Shaul Stern, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 00-2602-RCL |
| The Islamic Republic of Iran, et al., | ) |
| Defendants. | ) |

## NON-PARTY ICANN'S OBJECTIONS AND VERIFIED ANSWERS TO WRIT OF ATTACHMENT INTERROGATORIES

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, section 16-521 of the District of Columbia Official Code, and Rule 69-I of the District of Columbia Superior Court Rules of Civil Procedure, non-party Internet Corporation for Assigned Names and Numbers ("ICANN"), on behalf of itself and no other entity or person, hereby objects to and answers the Writ of Attachment Interrogatories ("Interrogatories") issued by Plaintiffs in connection with a Writ of Attachment on Judgment Other Than Wages, Salary And Commissions ("Writ of Attachment") in the above-entitled action.

## PRELIMINARY STATEMENT

**1.    Right to Supplement or Modify Response.**

ICANN is responding to the Interrogatories as it interprets and understands them. As such, ICANN reserves the right to supplement, amend or modify its objections and responses, if necessary.

**2.    No Admissions.**

ICANN's responses to the Interrogatories do not constitute an admission by ICANN that it agrees with the characterizations or definitions contained therein, or that the information sought is relevant.

**3.    No Waiver.**

ICANN's responses to the Interrogatories are made without waiving, or intending to waive, but on the contrary, expressly reserving, any and all objections, defenses, rights, immunities and privileges available to it under applicable law including, without limitation, any and all objections, defenses or challenges to the Writ of Attachment.

## GENERAL OBJECTIONS

ICANN objects to the Writ of Attachment and each and every Interrogatory on the basis of the following General Objections, which are incorporated into ICANN's responses to each Interrogatory as if fully rewritten therein:

**1.    Failure to Obtain Court Execution of Writ of Attachment.**

ICANN objects to the Writ of Attachment and each and every Interrogatory on the grounds, and in that, they were not properly executed by the Court, as is required by the Foreign Sovereign Immunities Act.  *See* 28 U.S.C. § 1610(c); *Bayer & Willis Inc. v. Republic of Gambia*, 283 F. Supp. 2d 1, 2-3 (D.D.C. 2003); *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 66 (D.D.C. 2001) (finding writs of attachment issued by Clerk of the Court in connection with judgment entered against foreign sovereign invalid).

**2.    Failure to Obtain Court Approval to Issue the Interrogatories.**

ICANN objects to the Writ of Attachment and each and every Interrogatory on the grounds, and in that, Plaintiffs failed to obtain Court approval to issue the Interrogatories.  In particular, District of Columbia Official Code section 16-521 allows judgment creditors to submit interrogatories in connection with writs of attachment only to the extent such interrogatories are "allowed by rules or special order of the court."  Neither the Federal Rules of Civil Procedure nor the District of Columbia Superior Court Rules of Civil Procedure permit the service of interrogatories on non-parties, and Plaintiffs have provided no "special order" of the Court permitting issuance of the Interrogatories.

**3.     Lack of Jurisdiction.**

ICANN objects to the Writ of Attachment and each and every Interrogatory on the grounds, and to the extent that, jurisdiction is lacking for this proceeding under the Foreign Sovereign Immunities Act.

**4.     Expansion of Obligations Under the Federal Rules of Civil Procedure.**

ICANN objects to the Writ of Attachment and each and every Interrogatory on the grounds, and in that, they are inconsistent with, or enlarge upon, ICANN's obligations as imposed by the Federal Rules of Civil Procedure.

**5.     Over Breadth.**

ICANN objects to each and every Interrogatory on the grounds, and to the extent that, they are overly broad and have no reasonable geographic limitation.

**6.     Vagueness and Ambiguity.**

ICANN objects to each and every Interrogatory on the grounds, and to the extent that, they are vague and/or ambiguous.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

**INTERROGATORY NO. 1:**

Were you at the time of the service of the writ of attachment, or have you been between the time of such service and the filing of your answers to this interrogatory, indebted to the defendant(s), and, if so, how, and in what amount?

**RESPONSE TO INTERROGATORY NO. 1:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the foregoing Preliminary Statement and

General Objections, or any other objections, defenses, rights, immunities or privileges available to ICANN regarding the Writ of Attachment and/or Interrogatory No. 1, ICANN responds to Interrogatory No. 1 as follows: No.

**INTERROGATORY NO. 2:**

Had you at the time of service of the writ of attachment, or have you had between the time of such service and the filing of your answer to this interrogatory, and goods, chattels, or credits of the defendant(s) in you [sic] possession or charge, and, if so, what?

**RESPONSE TO INTERROGATORY NO. 2:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing Preliminary Statement and General Objections, or any other objections, defenses, rights, immunities or privileges available to ICANN regarding the Writ of Attachment and/or Interrogatory No. 2, ICANN responds to Interrogatory No. 2 as follows: No.

**AS TO INTERROGATORY RESPONSES:**

I declare under the penalty of perjury, under the laws of the United States, that the answers to the above Interrogatories are to the best of my knowledge and belief, true and correct as to every material mater.

Executed on July 28, 2014 at Los Angeles, California

_____
John O. Jeffrey
General Counsel and Secretary, ICANN

-6-

**AS TO PRELIMINARY STATEMENT AND GENERAL OBJECTIONS:**

Dated: July 28, 2014                                  Respectfully submitted,

                                                                     */s/ Tara Lynn R. Zurawski*
Tara R. Zurawski (DC Bar No. 980960)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Email: tzurawski@jonesday.com
Telephone: (202) 879-2113
Facsimile: (202) 626-1700

Jeffrey A. LeVee (*pro hac vice* pending)
jlevee@jonesday.com
Eric P. Enson (*pro hac vice* pending)
epenson@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Counsel for Non-Party INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS

**CERTIFICATE OF SERVICE**

I certify that on July 28, 2014, I filed the foregoing: **NON-PARTY ICANN'S OBJECTIONS AND VERIFIED ANSWERS TO WRIT OF ATTACHMENT INTERROGATORIES** with the Clerk of the Court for the U.S. District Court for the District of Columbia using its CM/ECF System.

I further certify that I caused to be served one copy by First Class Mail, postage prepaid, on the following:

> Robert J. Tolchin
> Berkman Law Office, LLC
> 111 Livingston Street, Suite 1928
> Brooklyn, NY 11201
>
> *Counsel for Plaintiffs*

Dated: July 28, 2014

　　　　　　　　　　　　　　　　　　　　　*/s/ Tara Lynn R. Zurawski*
　　　　　　　　　　　　　　　　　　　　　Tara Lynn R. Zurawski (DC Bar No. 980960)