UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
---------------------------------------------------------------------X

SHAUL STERN, *et al.*,

        Plaintiffs-Judgment Creditors,

   v.

ISLAMIC REPUBLIC OF IRAN, and THE IRANIAN
MINISTRY OF INFORMATION AND SECURITY,

        Defendant-Judgment Debtors,

Civ. No: 00-2602 (RCL)

---------------------------------------------------------------------X

## MOTION TO REVIVE JUDGMENT PURSUANT TO D.C. CODE §15-101

    COME NOW the plaintiffs, by and through their undersigned counsel, and respectfully move this Court for an Order reviving the judgment in this case pursuant to D.C. Code §15-101. In support of this motion, plaintiffs state as follows:

    1.    On July 30, 1997, U.S. citizen Leah Stern was killed in a suicide bombing carried out by the Hamas terrorist organization at market in Jerusalem, Israel. The plaintiffs herein are the children and estate of Leah Stern.

    2.    On October 27, 2000, plaintiffs filed a civil action for wrongful death and related torts in the United States District Court for the District of Columbia against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information. The action was brought pursuant to the Foreign Sovereign Immunities Act ("FSIA") 28 U.S.C. § 1602 *et seq,* specifically 28 U.S.C. § 1605(a)(7).

    3.    Section 1605(a)(7) of the FSIA creates subject-matter jurisdiction and abrogates the sovereign immunity of designated foreign state sponsors of terrorism such as Iran in civil actions for money damages "for personal injury or death that was caused by an act of torture,

extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources … for such an act …". 28 U.S.C. § 1605(a)(7).

4. On July 17, 2003, the U.S. District Court for the District of Columbia entered judgment in favor of the plaintiffs [DE 21], finding that Iran and the other defendants had provided tens of millions of dollars to Hamas for the execution of terrorist attacks, had trained Hamas terrorists – including the specific terrorist who planned and executed the attack in which Leah Stern was murdered – in bomb-making and other terrorist tactics, and holding Iran, MOIS and the other defendants jointly and severally liable to the Judgment Creditors for a total of $13,000,000 in compensatory damages and MOIS and other defendants jointly and severally liable to the Judgment Creditors for $300,000,000 in punitive damages. *See Stern v. Islamic Republic of Iran*, 271 F.Supp.2d 286 (D.D.C. 2003) (hereinafter: "judgment").

5. To date, no monies have been collected to satisfy this judgment. Plaintiffs are continuing their judgment enforcement efforts to collect the judgment.

6. Section 15-101 of the D.C. Code requires that a judgment must be revived after twelve years.

7. Twelve years from the date of the judgment is July 17, 2015. Therefore, plaintiffs respectfully request that the Court enter an order reviving the judgment pursuant to D.C. Code §15-101.

**WHEREFORE**, the instant motion should be granted.

Dated:  July 16, 2015                Respectfully submitted,

By: /s Robert Tolchin
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com
